## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                                      Criminal Case No. 03-80615

                                         HON. DENISE PAGE HOOD

vs.

KEITH ADAMS (D-1),

     Defendant.

_____/

### ORDER DENYING MOTION FOR RE-SENTENCING

On May 3, 2004, Defendant Keith Adams was found guilty by a jury of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  In September 2004, Defendant was sentenced to 77 months incarceration and 2 years supervised release. On September 23, 2004, Defendant filed a timely notice of appeal challenging his conviction and sentence.  Defendant filed the instant motion on June 1, 2005.  The Court ordered the Government to file a response by June 30, 2005.  The Government filed a response on June 10, 2005.

Defendant did not address in his motion whether the Court has jurisdiction to re-sentence a defendant after a Judgment has been entered against the defendant.  In his motion, Defendant claims he is entitled to re-sentencing, citing *United States v. Booker*, 125 S.Ct. 738, 2005 WL 50108 (Jan. 12, 2005), which addressed the issue of the validity of the Sentencing Guidelines. The Supreme Court indicated that the Sentencing Guidelines are now advisory and not mandatory. *Id.* at 757.   The Government responded that the Court lacks subject matter jurisdiction because at the time the Government filed its response, the matter was currently

pending before the Court of Appeals.  The Government further responded that the Court's authority to correct or modify a sentence is limited to specific circumstances found in 18 U.S.C. § 3582(b) and that none of these circumstances apply in this case.  After the Government filed its response, the Court of Appeals issued an Order dismissing the appeal for want of prosecution on July 8, 2005.

Generally, a criminal Judgment entered by the district court is final.  18 U.S.C. § 3582(b).  A sentence may only be modified pursuant to § 3582(c), under Rule 35 of the Rules of Criminal Procedure and under 18 U.S.C. § 3742.

Section 3582(c) allows modification of a sentence upon motion of the Director of the Bureau of Prisons and if the Sentencing Commission lowers a sentencing range.  18 U.S.C. § 3582(c).

Rule 35(a) of the Rules of Criminal Procedures provides that the district court may correct a sentence upon remand after an appeal.  Rule 35(b) allows reduction of sentences for substantial assistance on the Government's motion.  Rule 35(c) allows correction of a sentence if the Court acts within 7 days of the imposition of a sentence and if the Court has made an arithmetical, technical or clear error.

Section § 3742 provides that the district court may re-sentence a defendant upon remand and with instructions from the court of appeals.  18 U.S.C. § 3742(g).

A district court has jurisdiction to address a sentencing challenge after a Judgment has been entered if a defendant files an appropriate motion under 28 U.S.C. § 2255.  *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991),  Motions brought pursuant to 28 U.S.C. § 2255 must present a challenge of the constitutionality of the sentence: whether the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

2

without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or some other collateral attack to the sentence. *Id.* It is noted that a § 2255 motion imposes a one-year period of limitation, as more specifically set forth in 28 U.S.C. § 2255(1)-(4).

Based on the above, the Court does not have jurisdiction to modify the sentence under 18 U.S.C. §§ 3582, 3742 and under Rule 35 of the Rules of Criminal Procedure. Although the Court of Appeals dismissed Defendant's appeal for lack of prosecution, there is no order remanding the case for re-sentencing. No motion has been filed pursuant to 28 U.S.C. § 2255. The Court, therefore, has no authority to review any constitutional challenge Defendant may have regarding his sentence pursuant to a motion filed by Defendant under his criminal case number.

Accordingly,

IT IS ORDERED that Defendant's Motion for Re-Sentencing **(Docket No. 55, filed June 1, 2005)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion for Release pending appeal **(Docket No. 51, filed Nov. 10, 2004)** is MOOT, the motion being the same motion filed on November 4, 2004 and denied by the Court in a November 5, 2004 Order.

                                                        /s/ DENISE PAGE HOOD

                                                        DENISE PAGE HOOD
                                                        United States District Judge

DATED:October 17, 2005