UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

                                Civil Case No: 06-10518
                                Criminal Case No: 03-80615
                                Honorable Denise Page Hood

v.

KEITH ADAMS,

      Defendant.
_____/


**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND DENYING PETITIONER'S SECOND REQUEST FOR BOND PENDING APPEAL
AND/OR RESENTENCING**


**I.      INTRODUCTION**

      On May 3, 2004, Petitioner Keith Adams was found guilty by a jury of felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g).  In September 2004, Petitioner was

sentenced to 77 months incarceration and 2 years supervised release.  On September 23, 2004,

Petitioner filed a Notice of Appeal challenging his conviction and sentence.  Petitioner filed the

instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on February 7,

2006.  The Government filed a Response on February 15, 2006.

**II.     APPLICABLE LAW & ANALYSIS**

      **A.     Petitioner's § 2255 Motion**

      Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality

1

of the sentence: whether the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or some other collateral attack to the sentence. *United States v. Jalili*, 925 F. 2d 889, 893-94 (6th Cir. 1991). "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F. 3d 733, 736 (6th Cir. 2003).

The Government argues that Petitioner filed the instant motion beyond the one-year time limit for filing petitions under 28 U.S.C. § 2255, as such, Petitioner's Motion is untimely and should be dismissed.

A review of the Sixth Circuit's docket indicates that an Order to dismiss for want of prosecution was filed on February 22, 2007. On March 12, 2007, Petitioner's counsel, Frederick J. Blackmond, filed a motion to reinstate appeal. This motion is still pending as it appears the brief submitted is defective and the Sixth Circuit has not considered the motion to reinstate.

28 U.S.C. § 2255 states that:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

2

diligence.

28 U.S.C. § 2255.  The Sixth Circuit Court of Appeals' opinion in *U.S. v. Sanchez-Castellano*,
358 F. 3d 424 (2004) controls when determining the date that a judgment of conviction becomes
final.  The court held that:

> [a]s a general matter, convictions become final upon conclusion of direct review.
> When a criminal defendant takes a direct appeal to the court of appeals, his
> judgment of conviction becomes final for § 2255 purposes upon the expiration of
> the 90-day period in which the defendant could have petitioned for certiorari to
> the Supreme Court, even when no certiorari petition has been filed. *Id.* at 426.

A petitioner's conviction would not become final until the direct review of his or her conviction
concludes.  *Id.*  So long as there is an opportunity for direct review of a conviction, the one year
limitation under 28 U.S.C. § 2255 does not run. *Id.*

Under this reasoning, Petitioner's judgment does not become final until the Sixth
Circuit's dismissal of his appeal for lack of prosecution and the time period in which he could
appeal the Sixth Circuit's Order to the Supreme Court expires.  As Petitioner's Appeal is
currently pending, the one-year time limit has not expired and Petitioner's § 2255 Motion is
timely.

Petitioner argues that both his trial and appellate counsel were ineffective.  Petitioner
argues that his trial counsel was ineffective because in a prior state court proceeding, his counsel,
Daniel Reid, filed a request with the County of Jackson to obtain Petitioner's possessions,
including the firearms at issue in Petitioner's criminal trial. Petitioner asserts that this document
request was relied upon in issuing the federal indictment against him, as the document request
claimed that Petitioner possessed and/or owned certain firearms.   Petitioner also argues that his
trial counsel was ineffective because he did not move to suppress the firearm or argue that the

3

firearms were not Petitioner's.  Petitioner argues that his appellate counsel was ineffective because he failed to file a timely appeal brief.

In order to succeed on a claim of ineffective assistance of counsel, a defendant must show: 1) counsel's performance was constitutionally deficient; and 2) defendant was prejudiced by the counsel's errors.  *Combs v. Coyle*, 205 F.3d 269, 277-78 (6th Cir. 2000); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  With regard to the first prong, the Supreme Court has noted that:

> [a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 566 U.S. at 689(internal quotations omitted).  A defendant must prove that his or her counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.  *Combs*, 205 F. 3d at 278.  With regard to the prejudice prong, the defendant must demonstrate that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  Both prongs must be satisfied in order to prevail on an ineffective assistance of counsel claim.  *Strickland*, 466 U.S. at 697.  If defendant fails to satisfy one prong, the court need not consider the other.  *Id.*

Petitioner cannot establish that his trial counsel was ineffective.  Mr. Reid, who allegedly signed the request form seeking Petitioner's possessions, did not represent Petitioner at his trial David Burgess appeared on behalf of Petitioner at the trial, because Mr. Reid testified during the trial.  Additionally, the Court notes that prior to this attorney substitution, Mr. Reid did move to have the firearms suppressed.  The Court denied this motion on December 17, 2003.  Further, the issue before the jury was whether Petitioner possessed the firearms.  Based upon the evidence,

4

that the firearms were found in Petitioner's home and the testimony of Mr. Reid, the jury could conclude that the firearms belonged to Petitioner. Petitioner has failed to establish that his trial counsel's performance was constitutionally deficient.

In regard to Petitioner's argument that his appellate counsel was ineffective, the Court declines to review this issue as his appellate counsel is currently representing him on appeal. Petitioner may be able to establish ineffective assistance of counsel, however it is too premature in the proceedings for this Court to evaluate.

**B.     Petitioner's Request for Bond**

This is Petitioner's second request for bond pending appeal. The Court finds that bond is inappropriate for the reasons stated in its November 5, 2004 Order Denying Motion for Release Pending Appeal. Petitioner's present request likewise fails to overcome the presumption against release pending appeal under the Bail Reform Act, 18 U.S.C. § 3143(b).

**III.     CONCLUSION**

Accordingly,

IT IS ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [**Docket No. 61, filed on February 7, 2006**] is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time to File Reply to Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence [**Docket No. 66, filed on May 8, 2006**] is DENIED.[1]

IT IS FURTHER ORDERED that Petitioner's Second Request for Bond Pending Appeal

---

[1] The Court notes that Petitioner never filed his Reply to the Government's Response.

and/or Resentencing [**Docket No. 64, filed March 21, 2006**] is DENIED.


       /s/ Denise Page Hood     
DENISE PAGE HOOD
United States District Judge

DATED: April 30, 2007   


      I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2007, by electronic and/or ordinary mail.

       S/William F. Lewis                
Case Manager